| United States District Court | | Southern District of Texas |
|---|---|---|

| | | |
|---|---|---|
| Jeanna Marie Greer, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-10-817 |
| Harris County, Texas, *et al.*, | § § | |
| Defendants. | § | |

# Findings and Conclusions

1. On March 14, 2008, Jeanna Marie Greer was arrested by Houston Police for violating her parole. She had been convicted of aggravated assault of a family member. Because Greer had a history of violence and mental illness, the police placed her in a medical holdover cell at the Harris County Jail.

2. On March 16, 2008, an inmate in the cell with Greer collapsed to the floor. Some inmates yelled for the officers to help. Officers Charles Ballard and Stephen Hernandez went to the cell. Officer Jacorey Dozier walked to the clinic and told the nurses that a inmate had fainted and needed aid.

3. When Hernandez entered the cell to check on the sick inmate, Greer began yelling obscenities. Ballard ordered her to be quiet. She refused and began to stand and sit repeatedly. Ballard ordered her to leave the cell. She refused, preventing the nurses from being able to enter. Ballard entered the cell, grabbed the top of Greer's uniform, and began to pull her out. She resisted and then went limp. Ballard repeatedly ordered her to get up. She refused, laying and screaming on the ground.

4. Because she would not stand and walk, Ballard grabbed her uniform and dragged her into a cell across the hall. Greer stood and tried to leave by running towards the door

and Ballard. To prevent this, Ballard put his hand on her shoulder, stopped her, and left.

5. With Greer secure across the hall, the nurses promptly removed the sick inmate.

6. Sergeant Angelo Guerra investigated the incident. He spoke with Deputy Sandra Conaster and Hernandez, Ballard, and Dozier. Conaster told him that she saw Ballard slam Greer into the wall and Dozier bend down over her. Ballard and Dozier told him that they did not use force against Greer. At the end of his investigation, Guerra concluded that a use-of-force report was unnecessary; instead, he asked Hernandez to write and file an information report.

7. The next morning, Sergeant Karen Jacobs took Greer to the clinic. Doctor C. Holcombe examined Greer and took an x-ray of her right leg. A bruise on her leg was her only injury. The doctor gave her pain medicine and an ice pack. Jacobs interviewed Greer about the incident, examined her body for bruises, and took photographs of her.

8. That same day Consaster filed a formal complaint against Ballard, Dozier, and Guerra with the Sheriff. She said that Ballard and Dozier used excessive force and that Guerra inadequately investigated the incident. Sergeant David Fusilier reported the incident to Lieutenant James Poppenhusen and Captain Jay Coons.

9. Coons investigated Conaster's complaints and asked her to take a polygraph examination. Because the results of the examination were inconclusive, Coons decided that her testimony was unreliable, and he closed the investigation for lack of evidence to support her allegations.

10. Greer says that Ballard and Dozier used force that exceeded the amount that prudent officers would have used in the same situation. She says that their illegal force seriously injured her – bruising her leg and aggravating her schizophrenia, bi-polar disorder, and depression. She has sued Ballard, Dozier, and Harris County.

11. Inmates have rights and officers have responsibilities. The Constitution does not prohibit the use of force by officers; rather, it requires that the amount of force be proportionate to a legitimate end as seen by officers properly trained and reasonably acting. The practical difficulties of operating a jail – maintaining and controlling the inmates – are factors in the amount of force that is permitted.

12. For force to be constitutionally excessive, it must be significantly disproportionate to the need. If a reasonable person, under the same tense and uncertain circumstances caused by Greer – during a medical emergency in a jail – would believe that Greer was interfering with the officers' assistance to the sick inmate, the force is not excessive.

13. Greer was directly impeding the officers' aid to the sick inmate. Greer was upset, irrational, and posed a threat to those around her, and to the sick cell mate. She repeatedly refused direct orders to sit, be quiet, exit, and stand.

14. The officers reasonably believed that Greer was interfering with their duties – to care for the inmates and maintain order in the jail. Use of force was necessary to control Greer.

15. Greer's only injury was a bruise to her leg. This is an extraordinarily modest injury for repeatedly refusing direct orders from officers in a jail during a disturbance. The amount of force used resulting in the bruise – if it did – was reasonable to remove her from the cell. It was proportionate to the need.

16. Greer says that Ballard pushed her into a wall and threw her onto the ground. She says that Dozier kicked her leg and stood over her. She said this after learning that her only injury was a bruise on her leg.

17. Greer is a mental patient with a history of violence both inside and outside of jail. After the incident, she said that she was going to call her lawyer. When the sheriff asked, she refused to take a polygraph examination. Her testimony is unreliable.

18. Conaster says that she saw Ballard slam Greer into a wall. She says that Dozier stood over her. Conaster had just turned the corner when she saw this. She did not see the entire sequence of events leading to Ballard dragging Greer across the hall, and it would have been difficult for her to have accurately observed the inside of the cell from where she stood.

19. Conaster has had a troubled relationship with the sheriff's office and has since resigned as a sheriff's deputy. A polygraph examination could not determine the veracity of her testimony about what she saw. Her testimony is unreliable.

20. Two inmates who had been in the cell with Greer, Deborah Applegate and Ann Steward, say that Ballard hit Greer's chest, threw her against a door frame, and pushed her. They, unlike Greer, say nothing about Dozier. This is inconsistent with the known facts, and they are unreliable.

21. Greer says that the county is liable because it did not properly investigate the incident. She also says that it inadequately trained and improperly supervised its officers.

22. The county properly investigated the incident. Guerra investigated and Hernandez reported it. Greer was examined and interviewed. Coons opened a second investigation and quickly closed it for lack of evidence to support Conaster's allegations. The county acted swiftly, reasonably, and efficiently.

23. Despite Conaster's fulminating about the lack of an investigation, Greer has not identified how no investigation, a limited investigation, or a full investigation would have changed the outcome. It did not injure her. It did not cause someone to injure her.

24. Greer has no evidence of force that could be considered excessive. Even if the county routinely uses force against inmates in its jail, not all force is disproportionate to the need. It is a jail – force may sometimes be necessary for the care, custody, and control of the inmates.

25. Greer has no evidence of insufficient officer training or supervision. She did not identify an alternative way that would have resolved the situation had other training been available. No additional training or supervision would have changed the outcome.

26. Greer did not show that Charles Ballard and Jacorey Dozier used excessive force. Harris County, Charles Ballard, and Jacorey Dozier are not liable to Greer.

Signed on December 17, 2011, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge